CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
SOFIA HERNANDEZ JUAREZ, *individually
and on behalf of others similarly situated,*

                         *Plaintiff,*

                -against-

JNJ LAUNDROMAT CORP.  (D/B/A JNJ
LAUNDROMAT CORP.), BUBBLY
LAUNDRY, LLC (d/b/a JNJ LAUNDROMAT
CORP.), JACOB TORRES, and JOEL
ROSARIO,

                         *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Sofia Hernandez Juarez ("Plaintiff Hernandez" or Ms. Hernandez"), individually and on behalf of others similarly situated, by and through her attorneys, CSM Legal, P.C., upon her knowledge and belief, and as against JNJ Laundromat Corp. (d/b/a JNJ Laundromat Corp.), Bubbly Laundry, LLC (d/b/a JNJ Laundromat Corp.), ("Defendant Corporations"), Jacob Torres, and Joel Rosario, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Hernandez is a former employee of Defendants JNJ Laundromat Corp. (d/b/a JNJ Laundromat Corp.), Bubbly Laundry, LLC (d/b/a JNJ Laundromat Corp.), Jacob Torres, and Joel Rosario.

2. Defendants own, operate, or control a laundromat company located at 1000 Hoe Avenue, Bronx, NY, 10459 under the name "JNJ Laundromat Corp."

3. Upon information and belief, individual Defendants Jacob Torres and Joel Rosario, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the laundry services as a joint or unified enterprise.

4. Plaintiff Hernandez was an employee of Defendants.

5. Plaintiff Hernandez was employed as general worker in charge of washing, drying, packing up clothes, and maintaining the business clean at the laundry services located at 1000 Hoe Avenue, Bronx NY, 10459.

6. At all relevant times, Defendants have compensated Plaintiff Hernandez on a bi-weekly basis.

7. Despite being a general worker, Defendants have failed to properly pay Plaintiff her wages within seven days after the end of the week in which these wages were earned.

8. In this regard, Defendants have failed to provide timely wages to Plaintiff Hernandez.

9. At all times relevant to this Complaint, Plaintiff Hernandez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

10. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Hernandez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

11. Defendants' conduct extended beyond Plaintiff Hernandez to all other similarly situated employees.

12. At all times relevant to this Complaint, Defendants maintained a policy and practice

of requiring Plaintiff Hernandez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13. Plaintiff Hernandez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14. Plaintiff Hernandez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Hernandez's state law claims under 28 U.S.C. § 1367(a).

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate laundromat company located in this district. Further, Plaintiff Hernandez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

17. Plaintiff Sofia Hernandez Juarez ("Plaintiff Hernandez" or Ms. Hernandez") is an adult individual residing in Queens County, New York.

18. Plaintiff Hernandez was employed by Defendants at J & J Laundromat Corp. from approximately August 25, 2020 until on or about September 27, 2021.

19. Plaintiff Hernandez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20. At all relevant times, Defendants own, operate, or control a laundromat company located at 1000 Hoe Avenue, Bronx NY, 10459 under the name "JNJ Laundromat Corp."

21. Upon information and belief, JNJ Laundromat Corp. (d/b/a JNJ Laundromat Corp.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1000 Hoe Avenue, Bronx, NY, 10459.

22. Upon information and belief, Bubbly Laundry, LLC (d/b/a JNJ Laundromat Corp.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 184 Throggs Neck Blvd, Bronx NY 10465.

23. Defendant Jacob Torres is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jacob Torres is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jacob Torres possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Joel Rosario is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joel Rosario is sued individually in his capacity as a manager of Defendant Corporations. Defendant Joel Rosario possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25. Defendants operate JNJ Laundromat Corp located in a neighborhood in Bronx.

26. Individual Defendants, Jacob Torres and Joel Rosario, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Each Defendant possessed substantial control over Plaintiff Hernandez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Hernandez, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed Plaintiff Hernandez (and all similarly situated employees) and are Plaintiff Hernandez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff Hernandez and/or similarly situated individuals.

31. Upon information and belief, Individual Defendant Jacob Torres operates Defendant Corporations as either alter egos of himself and/or failed to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed corporations,

   f) intermingling assets and debts of his own with Defendant Corporations,

   g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiff Hernandez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Hernandez's services.

33. In each year from 2020 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry services on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Hernandez is a former employee of Defendants who was employed as a general worker in charge of washing, drying, packing up clothes, and maintaining the business clean.

36. Plaintiff Hernandez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

37. During her employment, over twenty-five percent of Plaintiff's Hernandez duties were physical tasks, including but not limited to: (1) stocking shelves; (2) lifting and stacking laundry orders; (3) unpacking laundry bags; (4) sweeping floors; and (5) arranging inventory.

38. Despite regularly spending more than twenty-five percent of her shift performing these physical task, Plaintiff Hernandez has been compensated by Defendants on a bi-weekly basis.

*Plaintiff Sofia Hernandez Juarez*

39. Plaintiff Hernandez was employed by Defendants from approximately August 25 2020, until on or about September 27, 2021.

40. Defendants employed Plaintiff Hernandez as general worker in charge of washing, drying, packing up clothes, and maintaining the business clean.

41. Plaintiff Hernandez regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

42. Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

43. Throughout her employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

44. From approximately August 25, 2020, until on or about March 31, 2021, Plaintiff Hernandez worked from approximately 7:00 a.m. until on or about 3:00 p.m., 5 days a week (approximately 40 hours per week).

45. For the month of April 2021, Plaintiff Hernandez worked from approximately 7:00 a.m. until on or about 3:00 p.m., 7 days a week (approximately 56 hours per week).

46. From approximately May 1, 2021, until on or about September 27, 2021, Plaintiff Hernandez worked from approximately 7:00 a.m. until on or about 3:00 p.m., 5 days a week (approximately 40 hours per week).

47. Throughout her employment, Defendants paid Plaintiff Hernandez her wages in cash.

48. From approximately August 25, 2020, until on or about September 27, 2021, Defendants paid Plaintiff Hernandez $10.50 per hour.

49. Defendants never granted Plaintiff Hernandez any breaks or meal periods of any kind.

50. Plaintiff Hernandez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54. Defendants required Plaintiff Hernandez to purchase "tools of the trade" with her own funds- including gloves and toilet paper.

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

56. Plaintiff Hernandez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

57. Defendants' pay practices resulted in Plaintiff Hernandez not receiving payment for all her hours worked, and resulted in Plaintiff Hernandez s effective rate of pay falling below the required minimum wage rate.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants paid Plaintiff Hernandez wages in cash.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Hernandez (and similarly situated individuals) worked, and to avoid paying Plaintiff Hernandez properly for her full hours worked.

62. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Hernandez and other similarly situated former workers.

64. Defendants failed to provide Plaintiff Hernandez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants failed to provide Plaintiff Hernandez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Hernandez brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67. At all relevant times, Plaintiff Hernandez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

68. The claims of Plaintiff Hernandez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff.

71. Defendants failed to pay Plaintiff on a timely basis as required by NYLL § 191(l)(a).

72. Due to Defendants' violation of the NYLL, Plaintiff is entitled to recover from Defendants: (1) the amount of her untimely paid wages as liquidated damages; (2) reasonable attorney's fees and costs; and (3) pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA

73. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

75. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77. Defendants failed to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78. Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82. Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

84. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

86. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Hernandez less than the minimum wage.

87. Defendants' failure to pay Plaintiff Hernandez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Hernandez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

89. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Hernandez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91. Defendants' failure to pay Plaintiff Hernandez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92. Plaintiff Hernandez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

93. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

94. Defendants failed to provide Plaintiff Hernandez with a written notice, in English and in Spanish (Plaintiff Hernandez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95. Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

96. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

97. With each payment of wages, Defendants failed to provide Plaintiff Hernandez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98. Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hernandez respectfully requests that this Court enter judgment against Defendants by:

(a) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest pursuant to NYLL §§ 191(l)(a), 198;

(b) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(c) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA Class members;

(d) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA Class members;

(e) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Hernandez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Hernandez and the FLSA Class members;

(g) Awarding Plaintiff Hernandez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h) Awarding Plaintiff Hernandez and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez;

(j) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Hernandez's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Hernandez;

(m) Awarding Plaintiff Hernandez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n) Awarding Plaintiff Hernandez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Hernandez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Hernandez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Hernandez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Hernandez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 2, 2022

CSM LEGAL, P.C

By:     /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

| | |
|---|---|
| 60 E 42nd Street, Suite 4510<br>New York, New York 10165 | Telephone: (212) 317-1200<br>Facsimile: (212) 317-1620 |

catalina@csmlegal.com

December 10, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Sofia Hernandez Juarez

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:   *[signature]*

Date / Fecha:   10 de deciembre 2021

*Certified as a minority-owned business in the State of New York*